Tbe opinion of tbe Court was delivered by
Wardlaw, Ch.
Tbe defendant, Isabella E. Blakefy, while a widow, was appointed guardian of her daughter Ellen, tbe female plaintiff. After she bad been taken in marriage by John Blakely, she was removed from her office, and another guardian appointed. Tbis bill is filed against herself and husband, and tbe sureties to her bond for an account of her guardianship. Her accounts as guardian were referred to tbe commissioner by order of tbe Court; and it appears, by bis report, that from 1843, when she was appointed, until 1854, when she was removed, her receipts in every year exceeded her expenditures. In stating tbe account, tbe commissioner charged interest on tbe excess of receipts over payments in every year from tbe beginning of tbe year next succeeding, but in no instance augmented tbe sum bearing interest by tbe surplus of interest remaining after tbe payments of tbe preceding year. He applied tbe payments primarily to tbe extinguishment of tbe interest 'which bad *409 accrued; but where they were insufficient to this end, tbe principal was not increased except by accretion from receipts) wbicb were added at tbe expiration of tbe years in wbicb they were received. Joseph Montgomery, one of tbe sureties to tbe bond, excepts to tbe commissioner’s mode of computa-' tion as compounding tbe interest, affirming be should have deducted tbe expenditures of each year from tbe receipts of that year, and carrying out tbe balance as principal, should have charged on that balance simple interest from tbe end of tbe year. This exception was overruled by tbe Chancellor on circuit, and this defendant appeals because it was not sustained.
Tbe mode of calculation suggested differs from tbe mode pursued in applying tbe payments of each year to tbe particular principal first taken into tbe account for that year, instead of to tbe aggregate of principal and interest; and has tbe effect to some extent of reducing tbe principal or allowing interest on tbe payments. In tbe commissioner’s computation, tbe interest is not compounded, except as this is tbe legitimate consequence of tbe doctrine that a partial payment -should not diminish tbe capital, until tbe interest due be paid. Interest is as fairly an incident of any accretion of capital as of tbe original principal, and tbe whole interest on both sums where they are parts of tbe same fund should be absorbed by payment before tbe aggregate producing this sort of profit is diminished. Compound interest, in tbe sense of interest upon interest at annual or shorter rests, is discouraged by tbe course of tbe Court, and is allowed only in exceptional cases. Henderson vs. Laurens, Car. Law Jour., 134; Myers vs. Myers, Bail. Eq. 29; Baker vs. Lafitte, and tbe cases . cited there, in a note, 4 Rich. Eq. 895. But to tbe extent allowed by the commissioner in this case, and necessarily flowing from tbe primary appropriation of payments to tbe extinction of interest due, what is sometimes called compounding is approved by tbe general practice of tbe accounting *410 officers of tbe State, and tbe judgments of tbe Courts of law and equity. In Rowland vs. Best, 2 McC. 321, tbe rule as to interest is briefly stated to be to allow it on annual balances, but not to compound it. In Black vs. Blakely, 2 McC. Cb. 1, Judge Nott says, “that tbe rule for casting interest where partial payments bave been made, is to apply tbe payments, in tbe first place, to tbe discharge of tbe interest then due. If tbe payment exceeds tbe interest, tbe surplus goes to discharge tbe principal, and interest is computed on tbe balance of principal. If tbe payment be less than tbe interest, tbe surplus of interest must not be taken to augment tbe principal, but interest continues on tbe former principal, until tbe period when tbe payments taken together exceed tbe interest then due. That method of calculating interest has been settled by tbe decisions of our Courts for more than thirty years.” That case is decisive of tbe case under consideration. No distinction in principle exists between them, and none of any sort is suggested except that Judge Nott does not expressly apply bis doctrine to tbe state of facts where tbe receipts continually exceed tbe expenditures. But if tbe annual balance must bear interest, wherever this balance is not tbe result of adding tbe surplus of interest above tbe payments, it is quite immaterial whether it be attained by increment or reduction of tbe former principal.. It is tbe general rule, which was followed by tbe commissioner here, to exempt a trustee from interest on bis receipts for tbe year in which they were received; but surely from the beginning of tbe next year such additions of principal should be as productive rateably as that part of tbe fund in his bands which first bore interest, and the rule concerning partial payments is equally applicable to both.
It is ordered and decreed that tbe circuit decree be affirmed, and tbe appeal be dismissed.
JOHNSTON, Dunkin and Daegan, 00., concurred.

Appeal dismissed.